Nott, J.
The several questions made for the consideration of ■the court, are, 1. Whether this is a good bond under'the act ? 2. If it be not, whether it be a good bond at common law ? 8. If it .be not, whether it can be taken advantage of by demurrer ?
1. The act of 1795, 2 Faust, 74, requires the father to enter into •recognizance, in the penal sum of sixty pounds, conditioned for the annual payment of £5, for the maintenance of said child, until the age of 12 years ; and to save harmless the parish or county. A recogni-sance is an obligation of record, 2 Black, 341; and as the'act has not declared to whom it shall be made payable, it must be made payable to the State ; but tbe bond in this case, is made payable to The commis.sioners of the poor. The act requires the recognizance to be “ conditioned for the annual payment of five pounds, for tjie maintenance <of the child.” In the present case, the penalty of the bond is for ,-sixty-pounds, payable by twelve annual instalments, of five pounds, -every year. The penalty of this bond, also declares it to be, “ for the citizens of the aforesaid district,” whereas, the act requires it -to be “ for the maintenance of the child so that neither the form of the bond, the persons to whom it is made payable, nor the uses for which the money is to be paid, are conformable to the act. Besides, the penalty of this bond requires the defendant to pay five pounds a year, &c., and the condition declares the bond to be void, ■“ if he shall from time to time, and at all times hereafter, fully and clearly indemnify and save harmless, the above commissioners, and all the citizens of the said district, &c_.” So that by the performance of this condition, he is discharged from the payment of the five pounds annually, which is the principal thing required to be done.by the act. This, therefore, cannot be a good bond under the .act;. Where an act of assembly requires a thing to be done in a particular way, that way, and that alone, must be pursued. But every feature of the act is so distorted by this bond, that one would ¡hardly suppose it had any relation to it.
á. I do not think it a good bond at common law. If it had been ¡voluntarily entered into, for the purpose of supporting this child, I .should consider it a duty which the obligor was under a natural and ¡moral obligation to perform; and, therefore, a debt which he was *398 legally bound to pay. But it appears on the face of it, that he was taken by virtue of a warrant from a magistrate, and compelled under color of legal authority, to enter into a bond for purposes, which he was neither naturally nor morally bound to perform. As a bond, therefore, I am of opinion it is void.
3. I think it may well be taken advantage of on a demurrer. If the defendant had pleaded a variance between this bond and that required by the ac, it would come to something at last. By craving oyer, he makes it a part of the declaration.. 1 Salk. 9. And on a demurrer, the court will look through all the proceeding's, and give judgment against him who has committed the first fault, or where the first defect is found. Judgment, therefore, in this case, must be given for the plaintiff in demurrer.
Colcock, Grimke, and Smith, Js., concurred. Bay, J., dissented.
Note. Brevard, J., observes that “ he was satisfied with the decision of the Constitutional Court.